UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JIAN CHEN on behalf of himself and
others similarly situated,

                              Plaintiffs,        Case No:
                   v.

NEW GREAT WALL 2, INC. d/b/a New Great Wall   **COLLECTIVE ACTION**
Kitchen, and "John Doe" (legal name unknown)   **COMPLAINT**
                                           **JURY TRIAL DEMANDED**
                              Defendants,
----------------------------------------------------------------X

Plaintiff JIAN CHEN ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby bring this complaint against Defendant NEW GREAT WALL 2, INC. d/b/a New Great Wall Kitchen, and "John Doe"(legal name unknown) (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendant for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. §§ 201 *et seq.*, and of New York Labor Law §650 et seq. ("NYLL"), arising from Defendant's various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek and spread of hours, as well as failing to provide their employees, including Plaintiff, with wage notice at the time of hiring and wage statements.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid tools of trade, (4) liquidated damages (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs;

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and Title 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime (3) unpaid tools of trade, (4) unpaid "spread of hours" premium for each day he worked ten (10) or more hours, (5) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium pursuant to the NY Wage Theft Prevention Act; (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Jian Chen ("Plaintiff Chen") is an individual residing in Queens, New York.

8. From on or around December 18, 2017 to on or around September 29, 2018, Plaintiff Chen was employed as a delivery person in Defendant's restaurant located at 7a Huguenot Street, New Rochelle, NY 10801.

## DEFENDANTS

*Corporate Defendant*

9. Upon information and belief, NEW GREAT WALL 2, INC. d/b/a New Great Wall Kitchen ("Corporate Dependent or Defendant Corporation") is a domestic business corporation organized under the laws of the State of New York with a principal business address at 7a Huguenot Street, New Rochelle, NY 10801.

10. Upon information and belief, Corporate Defendant has approximately three (3) employees.

11. Upon information and belief, Corporate Defendant at all relevant times is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

13. At all times relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

*Owner/ Operator Defendant*

14. Upon information and belief, Defendant "John Doe" (known as "Boss") is the owner, chief executive officer, and/or managing agent of Defendant Corporation and participated in the day-to-day operations of Defendant Corporation and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder,

29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with Defendant Corporation.

15. Upon information and belief, Defendant "John Doe" owns the stock of Defendant Corporation and manages and makes all business decisions regarding Defendant Corporation.

16. Upon information and belief, Defendant "John Doe" determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendant at his restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendant. Upon information and belief, there are more than seven (7) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

19. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

20. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

22. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendant employed Collective Action members within the meaning of the FLSA;

    b. Whether the Defendant's violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

   c. Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

24. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

25. Defendant committed the following alleged acts knowingly, intentionally and willfully.

26. Defendant knew that the nonpayment of minimum wage, overtime pay, spread of hours, failure to provide the required wage notice at the time of hiring, that the failure to provide the required wage statement with every payment of wages, and unlawful retaliation against Plaintiff would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

27. From approximately December 18, 2017 to on or around September 29, 2018, Plaintiff was employed as a delivery person in Defendant's restaurant located at 7a Huguenot Street, New Rochelle, NY 10801.

28. Plaintiff's job duties included delivering food via his own vehicle and food preparations.

29. Plaintiff was required to use his own car to make deliveries. The gas, and maintenance fees were approximately $500 per month. Plaintiff was never compensated for any of the above costs by the Defendants.

30. Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, any allowances claimed by Defendant, and the regular pay day designated by Defendant.

31. Plaintiff worked 6 days per week with Monday off. From Tuesday to Thursday, Plaintiff worked from 11:00 am to 10:30 pm without an uninterrupted 30-minute meal break for about eleven hours and thirty minutes (11.5). On Friday and Saturday, Plaintiff worked from 11:00 am to 11:30 pm without an uninterrupted 30-minute meal break for about twelve hours and thirty minutes (12.5). On Sunday, Plaintiff worked from 12:00 pm to 10:30pm without an uninterrupted 30-minute meal break for about ten hours and thirty minutes (10.5). Plaintiff was asked approximately 3 times a week, to make a 30-minute delivery as he was leaving work. Plaintiff therefore worked seventy-one and a half (71.5) hours per week. Plaintiff is entitled to spread of hours premium for this stated employment period.

32. Plaintiff was paid at a fixed rate of $2000 per month regardless of the number of hours he actually worked each week, during the full duration of his employment with Defendants from on or around December 18, 2018 to on or around September 29, 2018.

33. From on or around December 18, 2018 to on or around September 29, 2018, Plaintiff was paid on the 17th of the month by cash.

34. From on or around December 18, 2018 to on or around September 29, 2018, Plaintiff was never required to punch time cards when he came in or left work every day.

35. Throughout his employment with Defendants, Plaintiff was not compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

36. Throughout his employment with Defendants, Plaintiff was not an overtime-exempt employee under federal and state laws.

37. Defendants did not provide Plaintiff with a correct wage statement with every wage payment.

38. Defendant failed to keep the proper employment records required under the FLSA and NYLL.

39. Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours.

40. In Westchester, the applicable minimum wage for the period of December 18, 2017 to December 31, 2017 is $11.00 per hour.

41. In Westchester, the applicable minimum wage for the period of December 31, 2017 to December 31, 2018 is $12.00 per hour.

42. Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

43. Defendant did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

44. Defendants committed the foregoing acts against the Plaintiff, the putative FLSA Collective, and the Class.

## STATEMENT OF CLAIMS

### COUNT I

**[Violations of the Fair Labor Standards Act—Minimum Wage**

**Brought on behalf of Plaintiff and all others similarly situated]**

45. Plaintiff re-alleges and incorporates by reference all preceding paragraphs 1 to 44 as though fully set forth herein.

46. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

47. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

48. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

49. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

50. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the collective action members, for some or all of the hours they worked.

51. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

52. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II

**[Violation of New York Labor Law—Minimum Wage**

**Brought on behalf of Plaintiff and all others similarly situated]**

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

55. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

56. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

## COUNT III

**[Violations of the Fair Labor Standards Act—Overtime Wage**

**Brought on behalf of the Plaintiff and all others similarly situated]**

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

59. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

60. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

61. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

62. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

63. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

64. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV

**[Violation of New York Labor Law—Overtime Pay**

**Brought on behalf of Plaintiff and all others similarly situated]**

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

67. Defendants' failure to pay Plaintiff his overtime premiums violated the NYLL.

68. Defendants' failure to pay Plaintiff was not in good faith.

## COUNT V

**[Violation of New York Labor Law—Spread of Hours**

**Brought on behalf of Plaintiff and all others similarly situated]**

69. The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 NYCRR § 137-1.7, 12 NYCRR 146-1.6 (effective 1/1/2011, formerly 12 NYCRR § 137-1.7), New York State Department of Labor Regulations § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. This "spread of hours" regulation is applicable even if there is a split shift.

70. From in or around December 18, 2017 to in or around September 29, 2018, Plaintiff routinely worked a "spread of hours" of at least 11 hours per day.

71. Despite the fact that Plaintiff routinely worked a "spread of hours" greater than ten

hours per day during certain employment period with Defendants, Defendants did not pay Plaintiff any additional compensation as required by the regulations.

72. Defendants' failure to pay spread of hours compensation was willful and intentional.

## COUNT VI

**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement Brought on Behalf of Plaintiff and all others similarly situated]**

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

75. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

76. Defendants not only did not provide notice to each employee at time of hire but also failed to provide notice to Plaintiff thereafter.

77. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred

or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VII

### [Violation of New York Labor Law—New York Pay Stub Requirement Brought on Behalf of Plaintiff and all others similarly situated]

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

80. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

81. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VIII

### [Violation of the Fair Labor Standards Act — Failure Reimburse for Expenses relating to Tools of the Trade]

82. Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83. At all relevant times, the Defendants had a policy and practice of refusing to

reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

84. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade, which includes but is not limited to; gas, car maintenance, and car insurance. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

85. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## COUNT IX

**[Violation of New York Labor Law— Failure to Reimburse for Expenses relating to Tools of Trade]**

86. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

87. At all relevant times, the Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

88. Defendants knowingly and willfully disregarded the provisions of the NYLL as evidenced by their failure to reimburse Plaintiffs the expenses incurred in relation to tools of the trade used by Plaintiffs when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiff, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

f) An injunction against NEW GREAT WALL 2, INC. d/b/a New Great Wall Kitchen, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

g) An award of unpaid minimum wages, overtime wages, and tools of trade due to Plaintiff and the Collective Action members under the FLSA and New York Labor Law,

plus compensatory and liquidated damages and interest;

h)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

i)   An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

j)   An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k)   An award of liquidated damages as a result of Defendants' willful failure to pay wages, minimum wages and "spread of hours" premium pursuant to New York Labor Law;

l)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

m)   The cost and disbursements of this action;

n)   An award of prejudgment and post-judgment fees;

o)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of herself and the Collective Action Members and members of the Class, demand a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York, October 31, 2018

        HANG & ASSOCIATES, PLLC.

         /s *Daniel Tannenbaum*
        Daniel Tannenbaum, Esq.
        136-20 38th Ave., Suite 10G
        Flushing, New York 11354
        Tel: 718.353.8588
        dtannenbaum@hanglaw.com
        *Attorneys for Plaintiff*

# EXHIBIT 1

Case 7:18-cv-10075-PMH-JCM   Document 1   Filed 10/31/18   Page 19 of 20

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by L.P.C.C RESTAURANT LLC and "John Doe" (legal name unknown) and/or related entities and individuals.

I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

JIAN CHEN
Full Legal Name (Print)

_[signature]_
Signature

10/24/18
Date